IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CASE NO. 3:24-cv-569-ECM |
| | ) [WO] |
| EAST ALABAMA MEDICAL | ) |
| CENTER, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**O R D E R**

Now pending before the Court are motions to dismiss the Plaintiff's second amended complaint filed by Defendants East Alabama Medical Center ("EAMC") and Dr. David G. Holmes ("Holmes") (doc. 18) and by Defendants Dr. J. Stephen Lock ("Lock") and Dr. Clay Harper III ("Harper") (doc. 19). The Magistrate Judge entered a Recommendation (doc. 39) that Lock and Harper's motion be granted, and that EAMC and Holmes' motion be granted in part and denied in part. The Magistrate Judge recommends that EAMC and Holmes' motion be denied as to the Plaintiff's stabilization claims under the Emergency Medical Treatment and Labor Act ("EMTALA"), against EAMC. (*See id.* at 12–14). And, because the Plaintiff's claims under the Alabama Medical Liability Act ("AMLA") against EAMC and Holmes "arise out of the same case or controversy" as the EMTALA stabilization claim, the Magistrate Judge recommends that the Court exercise supplemental jurisdiction over those claims. (*See id.* at 15–18).

EAMC and Holmes object to the Magistrate Judge's Recommendation that the Court deny their motion to dismiss as to the Plaintiff's EMTALA stabilization claim against EAMC and the AMLA claims against both EAMC and Holmes. (*See* doc. 40 at 2). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and EAMC and Holmes' objections, the Court concludes that EAMC and Holmes' objections are due to be overruled and that the Recommendation of the Magistrate Judge is due to be adopted.

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to a report and recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual

issue."). Otherwise, a report and recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The EMTALA imposes two principal obligations on hospital emergency rooms—screening and stabilization. *See* 42 U.S.C. § 1395dd(a)–(b). An emergency room must first "provide an appropriate medical screening to any individual seeking treatment in order to determine whether the individual has an emergency medical condition." *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002). "If an emergency medical condition exists, the hospital is required to provide stabilization treatment before transferring the individual." *Id.* However, "[t]here is no duty under [the] EMTALA to provide stabilization treatment to a patient with an emergency medical condition who is not transferred." *Id.* at 775. In their motion to dismiss, EAMC and Holmes argued that the Plaintiff failed to allege that he had been transferred and thus focused on "whether he ha[d] sufficiently alleged . . . that EAMC failed to appropriately screen him." (Doc. 18 at 6). The Magistrate Judge determined, however, that the Plaintiff's allegations—that he presented to EAMC's emergency department, an emergency was declared, and Holmes failed to stabilize the Plaintiff before he was released, (*see* doc. 13 at 5–6)—were sufficient to state a stabilization claim under the EMTALA. (*See* doc. 39 at 12–14); *see also Harry*, 291 F.3d at 768 n.1 ("'Transfer' is defined as 'the movement (including the discharge) of an individual outside of a hospital's facilities.'" (quoting 42 U.S.C. § 1395dd(e)(4))).

---

[1] Here, and elsewhere in this Order, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

The Magistrate Judge noted that EAMC and Holmes had not squarely addressed the Plaintiff's stabilization claim in their motion. (*See* doc. 39 at 14 ("[EAMC] does not fully address [the Plaintiff]'s claim that he was not stabilized.")). In their objections, EAMC and Holmes concede that "[i]n retrospect, [they] could have made th[e] distinction" between their arguments as to the Plaintiff's screening and stabilization claims "clearer to the Magistrate Judge." (Doc. 40 at 3 n.1). They nevertheless argue that their motion "also explained that [the Plaintiff] was admitted for inpatient treatment," and that any stabilization claim should therefore be dismissed. (*Id.*). But EAMC and Holmes stated that their motion to dismiss the Plaintiff's EMTALA claims against them was limited to liability under the screening provision of §1395dd(a). (*See* doc. 18 at 6 ("Because [the Plaintiff] alleges that he was admitted for two days to EAMC in December 2023, and does not allege . . . that he was transferred, the sole question for the purposes of his purported EMTALA claim is whether he has sufficiently alleged a claim that EAMC failed to appropriately screen him."); *id.* at 12 ("[The Plaintiff's] medical records show that he was thoroughly screened, examined, and treated by multiple health[]care providers. Therefore, he has not stated a viable claim for a violation of [the] EMTALA's medical screening requirement.")).

"[T]o require a district court to consider evidence [or argument] not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (citation omitted). For that reason, "a district court has discretion to decline to consider a party's argument when that

4

argument was not first presented to the magistrate judge." *Id.* Because EAMC and Holmes' argument was not adequately presented to the Magistrate Judge, the Court in its discretion declines to consider it at this stage.

Even if the Court were to consider this argument, the Plaintiff did not allege that he was admitted for in-patient treatment—as opposed to emergency medical care—in December 2023. (*See* doc. 13 at 5–6). Nor does the only exhibit attached to the Plaintiff's complaint that relates to his December 2023 visit indicate that the Plaintiff was admitted for in-patient treatment. (*See* doc. 13-7 at 2). EAMC and Holmes request that the Court consider several hundred pages of medical records attached to their motion, which they contend prove that the Plaintiff was admitted for in-patient treatment. (*See* doc. 40 at 11–12 & n.3; docs. 18-1, 18-2). "[W]hen resolving a motion to dismiss . . ., a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims[] and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). The Court enjoys discretion as to whether to consider documents outside the four corners of the complaint under this doctrine. *See Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024) ("When assessing the sufficiency of a complaint on a motion to dismiss, a district court has some 'discretion' to decide whether to consider 'matters outside of the pleadings.'" (quoting *Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1531–32 (11th Cir. 1990))); *Lloyd-Adams v. Kelsh*, 2025 WL 1922474, at *2 (M.D. Ga. July 14, 2025) ("Th[e] [incorporation-by-reference] doctrine affords the Court substantial discretion to consider, or not consider, a document."). The

Court exercises its discretion not to consider these voluminous records at the motion to dismiss stage, especially given EAMC and Holmes' cursory treatment of this issue in their motion.

EAMC and Holmes also argue that, because the EMTALA claims are due to be dismissed, the Court should not exercise supplemental jurisdiction over the AMLA claims against them. (*See* doc. 40 at 13–14). Because the Court disagrees and will permit the EMTALA claims against EAMC to proceed, the Court will exercise supplemental jurisdiction over the Plaintiff's AMLA claims against EAMC and Holmes.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. EAMC and Holmes' objections (doc. 40) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 39) is ADOPTED;

3. EAMC and Holmes' motion to dismiss (doc. 18) is GRANTED in part and DENIED in part as follows:

    a. The motion (doc. 18) is GRANTED to the extent that the Plaintiff's EMTALA screening claim and all EMTALA and AMLA claims arising before September 5, 2022, are DISMISSED with prejudice; and the EMTALA claims against Holmes are DISMISSED without prejudice. The motion (doc. 18) is DENIED in all other respects.

4. Lock and Harper's motion to dismiss (doc. 19) is GRANTED, and the EMTALA claims against them are DISMISSED without prejudice and the AMLA claims against them are DISMISSED with prejudice.

5. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 27th day of August, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE