IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-569-BL-SMD |
| | ) | |
| EAST ALABAMA MEDICAL CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Johnny Hughley ("Hughley") brings this action alleging violations of the Emergency Medical Treatment and Labor Act ("EMTALA")[1] and the Alabama Medical Liability Act ("AMLA").[2] Am. Compl. (Doc. 13). This Court previously dismissed several of Hughley's EMTALA and AMLA claims for lack of subject matter jurisdiction and failure to state a claim. Report & Rec. (Doc. 39); Order (Doc. 41). Hughley's December 2023 EMTALA stabilization claim against East Alabama Medical Center ("EAMC") and AMLA claims arising after September 5, 2022, against EAMC and Dr. David G. Holmes ("Dr. Holmes") (collectively, "Defendants") remain before the Court. Order (Doc. 41). Defendants now move for summary judgment on these remaining claims. Mot. (Doc. 67). Upon review of the summary judgment record, the undersigned Chief

[1] EMTALA is codified at 42 U.S.C. § 1395dd, *et seq.*

[2] Hughley cites to the following provisions of AMLA: §§ 6-5-541, 6-5-543, 6-5-548. Am. Compl. (Doc. 13) p. 1.

United States Magistrate Judge RECOMMENDS that summary judgment be GRANTED in favor of Defendants and that Hughley's EMTALA and AMLA claims be DISMISSED with prejudice.

## I. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Therefore, if the nonmoving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000). The legal elements of a claim determine which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A fact is not material if a dispute over that fact would not affect the outcome of the case under the governing law. *Id.* In reviewing a motion for summary judgment, a court must view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

A court construes a pro se party's argument liberally at the summary judgment stage. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not excuse the pro se party from conforming with procedural rules. *Campbell v. Air Jam. Ltd.*, 760

F.3d 1165, 1168 (11th Cir. 2014). Conclusory allegations that are unsupported by evidence are insufficient to create a disputed issue of material fact—even when the nonmovant is pro se. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). *See also Beard v. Banks*, 548 U.S. 521, 525 (2006) (to survive summary judgment, a pro se litigant still bears the burden of establishing by sufficient evidence a genuine dispute of material fact).

## II. UNDISPUTED FACTS[3]

On December 21, 2023, Hughley presented to EAMC's emergency department ("ED") complaining of shortness of breath, chest pain, body aches and chills, and a fever. Ex. A. (Doc. 67-1) p. 32. Dr. Christopher Spiker and CRNP La'Tresa Davis physically examined Hughley upon arrival. *Id.* at 42. A chest x-ray, lab work, and an EKG were conducted. *Id.* at 42-50, 100.

Following the tests and labs, Hughley was diagnosed with Flu A and was given sixteen inpatient medications, including Tamiflu, antibiotics, and Mucinex for his condition. *Id.* at 70. Hughley's lab work showed elevated troponin levels. *Id.* at 56. The ED physician, Dr. Hunter Lett, discussed the elevated troponin levels with Hughley's cardiologist, Dr. Holmes, who recommended Hughley's inpatient admission. *Id.* Hughley

[3] Because Hughley is proceeding pro se, the undersigned provided him with specific instructions regarding how to respond to Defendants' motion for summary judgment. *See* Order & Notice (Doc. 68). On February 5, 2026, the Clerk of Court sent this Order and Notice to Hughley by both standard and certified mail. *Id.* While the Order and Notice sent via certified mail was returned as undeliverable, Ret. Receipt Card (Doc. 71), the Order and Notice was also sent by standard mail. Hughley filed his reply on February 5, 2026, the deadline given in the Order and Notice, indicating that he received the Order and Notice via standard mail.

Because Hughley's Reply to Defendants' Motion for Summary Judgment (Doc. 69) does not dispute Defendants' narrative summary of undisputed facts, the facts set forth in this section are drawn from Defendants' Brief in Support of Motion for Summary Judgment (Doc. 67). The undersigned has independently verified that each statement of fact is supported by the evidence and has supplied appropriate citations to the evidence.

was admitted to EAMC as an inpatient on the afternoon of December 21, 2023. *Id.* at 37, 164, 307.

On December 22, 2023, EAMC administered a social services assessment and a nutrition assessment. *Id.* at 50, 83, 97. Hughley reported that he was "doing much better." *Id.* at 163. His breathing, coughing, and energy levels improved. *Id.* Hughley continued receiving inpatient treatment at EAMC until his discharge on December 23, 2023, when he was discharged with medications and no required post-acute care. *Id.* at 30, 175-76. Hughley's discharge documentation shows that his symptoms improved, he was feeling better, his troponin levels were trending down, and he was "stable and ready for discharge." *Id.* at 32-33.

## III. ANALYSIS

### A. EMTALA Stabilization Claim Against EAMC

Defendants argue EAMC is entitled to summary judgment on Hughley's EMTALA claim because the stabilization requirement ended when Hughley was admitted to the hospital floor for inpatient care. Mot. (Doc. 67) p. 11. Alternatively, Defendants argue that even if this Court holds that inpatient admission does not preclude liability under an EMTALA stabilization claim, EAMC is still entitled to summary judgment because Hughley's medical condition was stabilized prior to his discharge from inpatient treatment. *Id.* at 18. Hughley contends that Defendants waived their stabilization argument because the Court previously denied Defendants' motion to dismiss as to the EMTALA stabilization claim and that summary judgment is barred by res judicata. Pl.'s Resp. (Doc.

69) pp. 1-3. As explained below, Defendants are entitled to summary judgment on Hughley's EMTALA claim.

**1. Defendants are entitled to summary judgment because Hughley was admitted for inpatient treatment.**

Under EMTALA's stabilization requirement, a hospital that determines a patient has an emergency medical condition must, within the limits of its available staff and facilities, provide any further medical examination and treatment necessary to stabilize the condition before transferring or discharging the patient. 42 U.S.C. § 1395dd(b)(1)(A). "[T]he EMTALA obligation to stabilize a patient ceases at the time of the patient's admission as an inpatient, *unless* the hospital fails to admit the patient in good faith or does so as a subterfuge to avert EMTALA liability." *Baker v. Health Care Auth. of Huntsville*, 2019 WL 2995505, at *3 (N.D. Ala. July 9, 2019) (quoting *Morgan v. N. MS Med. Ctr., Inc.*, 403 F. Supp. 2d. 1115, 1130 (S.D. Ala. 2005) (emphasis in original).

Here, Defendants have produced medical records in support of summary judgment that establish Hughley's admission on December 21, 2023, for inpatient treatment. Ex. A. (Doc. 67-1) p. 37, 164, 307. Hughley does not dispute that he was admitted for inpatient treatment on that date, nor does he offer any evidentiary materials suggesting otherwise. Pl.'s Resp. (Doc. 69). Further, Hughley has presented no evidence suggesting that his admission was not made in good faith or otherwise creating a genuine dispute of material fact concerning his admission in compliance with EMTALA's stabilization requirement. *Id.* Because a hospital's EMTALA stabilization obligation ceases upon good-faith inpatient

admission, EAMC is not liable under EMTALA's stabilization requirement as a matter of law.

Hughley contends that Defendants waived their stabilization argument because the Court previously denied Defendants' motion to dismiss as to the EMTALA stabilization claim and that summary judgment is barred by res judicata. Pl.'s Resp. (Doc. 69) pp. 1-3. Neither argument has merit. Regarding Hughley's stabilization claim, the Court's previous Rule 12 Order determined only that Hughley's allegations were sufficient to state a claim under EMTALA. Order (Doc. 41) p. 3. It did not resolve the merits of that claim, preclude Defendants from moving for summary judgment, or implicate the doctrine of res judicata.

Because there is no genuine dispute of material fact as to Hughley's admission for inpatient treatment, the Court should grant Defendants' motion for summary judgment on the EMTALA stabilization claim.

**2. Even if admission for inpatient treatment does not preclude liability, Defendants are entitled to summary judgment because Hughley was stabilized prior to his discharge from inpatient treatment.**

"To establish that a hospital violated the stabilization requirement, a plaintiff must show that (1) the patient had an emergency medical condition, (2) the hospital knew of the condition, and (3) the patient was not stabilized before being transferred or discharged." *Matthews v. Ascension St. Vincent's Clay Cnty. Hosp.*, 2026 WL 1230320, at *2 (11th Cir. 2026) (citing *Holcomb v. Monahan*, 30 F.3d 116, 117 (11th Cir. 1994)).

Here, Defendants have produced medical documents establishing that Hughley was stabilized prior to his discharge from inpatient treatment on December 23, 2023. Ex. A. (Doc. 67-1) p. 32. Hughley's discharge documentation shows that his symptoms improved,

he was feeling better, his troponin levels were trending down, and he was "stable and ready for discharge." *Id.* Defendants also produced the expert report of Dr. Jacob C. Townsend, which states Hughley "was stable at his discharge on December 23, 2023." Ex. D (Doc. 67-4) p. 1. Hughley does not dispute that he was stabilized prior to his discharge, nor does he offer any evidence showing otherwise. Pl.'s Resp. (Doc. 69). Because there is no genuine dispute of material fact as to Hughley's stabilization prior to his discharge from inpatient treatment, the Court should grant Defendants' motion for summary judgment on the EMTALA stabilization claim.

**B. AMLA Claims Against EAMC and Dr. Holmes**

The Court previously exercised supplemental jurisdiction over Hughley's AMLA claims and concluded that Hughley adequately stated an AMLA claim against both EAMC and Dr. Holmes. Order (Doc. 41) p. 6. Defendants now argue that because EAMC is entitled to summary judgment on Hughley's EMTALA claim, the Court should decline to exercise supplemental jurisdiction over his remaining state law claims. Mot. (Doc. 67) p. 24. Alternatively, Defendants argue they are entitled to summary judgment because Hughley has failed to properly plead or prove through expert testimony the required elements of a medical malpractice action. *Id.* at 26. Hughley's response to Defendant's motion for summary judgment does not address either argument. Pl.'s Resp. (Doc. 69). As explained below, the Court should continue to exercise supplemental jurisdiction over Hughley's AMLA claims and grant Defendants' motion for summary judgment.

**1. The Court should continue to exercise supplemental jurisdiction over Hughley's AMLA claims.**

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise its supplemental jurisdiction over remaining state-law claims after dismissing all claims over which it has original jurisdiction. A federal court deciding whether to exercise supplemental jurisdiction should consider "concerns of comity, judicial economy, convenience, fairness, and the like." *May v. Boyd Bros. Transp. Inc.*, 241 F. App'x 646, 647 (11th Cir. 2007) (internal quotations omitted).

Here, principles of comity, judicial economy, convenience, and fairness weigh in favor of this Court exercising supplemental jurisdiction over Hughley's remaining AMLA claims. Although the claims are purely state-law medical malpractice actions governed by Alabama law, medical malpractice actions involving negligence and failure to treat are generally not novel or complex issues. *See Jones v. Garcia*, 936 F. Supp. 929, 931 (M.D. Fla. 1996). Additionally, this action has progressed well beyond the early stages of litigation. The Court has already resolved Defendants' motion to dismiss, the parties have completed discovery, and the summary judgment record is fully developed. Finally, because Hughley initiated this action in federal court, declining to exercise supplemental jurisdiction would result in dismissal of the remaining state-law claims without prejudice rather than remand to state court. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."). Dismissing Hughley's remaining claims at this stage would potentially require the parties to begin anew in state court, resulting in unnecessary

duplication of effort and increase expense. For these reasons, the Court should continue to exercise supplemental jurisdiction over Hughley's AMLA claims.

**2. Defendants are entitled to summary judgment because Hughley failed to produce any evidence in support of his ALMA claims.**

The AMLA "applies in any action for injury or damages or wrongful death, whether in contract or tort, against a healthcare provider for breach of the standard of care." *Hastings v. Advanced Corr. Healthcare, Inc.*, 2020 WL 3037065, at *3 (N.D. Ala. June 5, 2020) (quoting *Mock v. Allen*, 783 So. 2d 828, 832 (Ala. 2000)). "In an action under the AMLA, 'once the defendant health-care provider offers in his, her, or its behalf expert testimony that makes a prima facie showing of a lack of negligence, the health care provider is entitled to a summary judgment, unless the plaintiff produces substantial evidence indicating negligence.'" *Washington v. Wexford Health Sources, Inc.*, 2024 WL 3287811, at *8 (M.D. Ala. July 2, 2024) (quoting *Anderson v. Ala. Reference Lab'ys*, 778 So. 2d 806, 810 (Ala. 2000)).

To satisfy the "substantial evidence burden," the plaintiff generally must present expert testimony that establishes (1) the appropriate standard of care; (2) the healthcare provider's deviation from that standard; and (3) a proximate causal connection between the act or omission constituting the breach and the plaintiff's injury. *Fletcher v. Health Care Auth. of City of Huntsville*, 344 So. 3d 347, 351 (Ala. 2021). A narrow exception to this rule exists where want of skill or lack of care is so apparent as to be within the knowledge of a layperson and thus requires only common knowledge and experience to understand.

*Mendoza v. QCHC, Inc.*, 799 F. Supp. 3d 1224, 1229 (M.D. Ala. Sept. 2, 2025) (citing *Ex parte HealthSouth Corp.*, 851 So. 2d 33, 28 (Ala. 2002).

Here, Defendants have produced the expert report of Dr. Jacob C. Townsend, which shows EAMC and Dr. Holmes were not negligent. Ex. D (Doc. 67-4). The report states that, in Dr. Townsend's opinion, the care rendered by Dr. Holmes and EAMC was reasonable and met or exceeded the medical standard of care at all times. *Id.* at 1. Therefore, it is Hughley's burden to produce substantial evidence indicating negligence. However, Hughley provided no expert testimony or other evidence in support of his AMLA claims, nor does he argue that the lack of care or want of skill is so apparent as to be within the knowledge of a layperson. Pl.'s Resp. (Doc. 69). Notably, Hughley makes no mention of his AMLA claims in his response to Defendants' motion for summary judgment. *Id.*

Without admissible expert testimony to show that Defendants breached the standard of care or that they caused Hughley's alleged injuries, Hughley has failed to meet the evidentiary burden for his AMLA claims. Accordingly, the Court should grant Defendants' motion for summary judgment on the AMLA claims.

## IV. CONCLUSION

In conclusion, Hughley has failed to establish a genuine dispute of material fact regarding his EMTALA claim and AMLA claims. Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Defendants' Motion for Summary Judgment (Doc. 67) be GRANTED and that this case be DISMISSED with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 6, 2026. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of July, 2026.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE